# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CINDY ELAINE WASHINGTON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PAT WANG; CHRISTOPHER W. CONWAY; LASANJE HOLLINGER; MARC FISHER; DEANA JACKSON; ADRIENE JACKSON; NATASHA MINA; DIAL AMERICA; and HEALTH FIRST,<br><br>　　Defendants. | Case No. 6:23-cv-1627-PGB-RMN |

## ORDER

This cause is before me on Plaintiff's Motion to Review Magistrate Judge's Actions (Dkt. 54), filed December 12, 2023. I construe this to be a motion seeking my recusal.

Generally, a judge should participate in the cases assigned to him or her unless there is a legitimate reason for recusal. *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014); *see also United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008); *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000); *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985). A party seeking the recusal of a judge

bears the burden of proving the judge's bias. *See, e.g.*, *Doe v. Cabrera*, 134 F. Supp. 3d 439, 444 (D.D.C. 2015).

The standard for recusal based on a claim of lack of impartiality is objective reasonableness. *Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 924 (2004); *Microsoft Corp. v. United States*, 530 U.S. 1301, 1301 (2000); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). The recusal inquiry for a judge based on perceived lack of impartiality must be "made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Microsoft Corp.*, 530 U.S. at 1301. Recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Id.*

"The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney*, 541 U.S. at 914. The Court need not accept the movant's factual statements as true. *Parker v. Connors Steel*, 855 F.2d 1510, 1525 (11th Cir. 1988); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (explaining a party cannot force the judge to accept the party's factual allegations as true, otherwise the result would be a virtual open season for recusal).

Plaintiff contends that I am biased against her based on my prior rulings in this case. Dkt. 54 at 1–2. Plaintiff states that I "show favoritism to the

defendants and attorney Nancy Johnson who are employees of the courts and assisting the defendants in using my data and botching the case." *Id.* at 1.[1] These are not adequate bases. The Eleventh Circuit has held that "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011); *see also Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[O]pinions formed by the judge on the basis of the facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). An unfavorable decision rendered by a judge, even where the judge is "exceedingly ill disposed towards the defendant," is not a basis for recusal. *Liteky*, 510 U.S. at 550–51; *see also Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (noting that bias sufficient to disqualify must stem from extrajudicial sources); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing 28 U.S.C. § 455(a) standard as objective, requiring that bias be shown as personal, not judicial in nature). The Supreme Court has said

---

[1] Plaintiff also contends that the corporate defendant and multiple private individual defendants are "employees of the courts," but that contention is unfounded.

that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see also McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). And indeed, only in the "rarest circumstances" do judicial rulings evidence the degree of favoritism or antagonism required to warrant recusal. *Liteky*, 510 U.S. at 555.

In light of the foregoing, and after carefully considering the matters raised in Plaintiff's Motion, I find no good cause to recuse myself, and conclude that an objective, fully informed lay observer would not question my impartiality. Plaintiff has therefore not satisfied her burden.

Accordingly, Plaintiff's Motion (Dkt. 54) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on December 19, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Counsel of Record

Cindy Elaine Washington
3516 Meadow Lake Lane
Orlando, Florida 32808