# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CINDY ELAINE WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>PAT WANG; CHRISTOPHER W. CONWAY; LASANJE HOLLINGER; MARC FISHER; DEANA JACKSON; ADRIENE JACKSON; NATASHA MINA; DIAL AMERICA; and HEALTH FIRST,<br><br>  Defendants. | Case No. 6:23-cv-1627-PGB-RMN |

## **REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on Plaintiff's Affidavit of Indigency (Dkt. 53), which this Court construes as a Motion to Appeal *in forma pauperis*. Upon Consideration, it is respectfully recommended that Plaintiff's Motion be denied.

### I.  BACKGROUND

In August 2023, *pro se* Plaintiff Cindy Elaine Washington initiated this discrimination case. Dkt. 1.[1] After some time of failing to diligently prosecute

---

[1] Ms. Washington initiated two separate lawsuits that were consolidated because many of the Defendants and issues were overlapping or identical. *See* Dkts. 10, 13, 24.

her case and file the required Notice of Pendency of Other Actions, Certificate of Interested Persons, and a Case Management Report, the District Judge assigned to this Case issued an Order to Show Cause cautioning Plaintiff that failure to provide a response "may result in dismissal of this action or the imposition of other appropriate sanctions." Dkt. 46. After Plaintiff responded to the Order to Show Cause but did not address her failure to file the required Case Management Report, the Court dismissed this matter without prejudice. Dkt. 51. Thereafter, on December 12, Plaintiff filed a Notice of Appeal of the District Judge's Order dismissing her case without prejudice (Dkt. 55) and the present Motion (Dkt. 53).

## II.  LEGAL STANDARDS

Title 28 of the United States Code, Section 1915, governs *in forma pauperis* motions filed in federal court. The statute provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and is a matter within the discretion of the trial court. *Bush v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948)). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however

inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). That is, an appeal is not taken in good faith if the issues presented are frivolous. *Id.*

### III.   ANALYSIS

To satisfy her burden under the statute, Plaintiff must establish a good faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3). "[A] defendant's good faith" is "demonstrated when [s]he seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The undersigned has reviewed the docket, the Court's Order, and Plaintiff's Notice of Appeal. No nonfrivolous issues are apparent. Nor does Plaintiff identify in her Notice of Appeal the issue(s) that she wishes the Eleventh Circuit to address on appeal. *See* Dkt. 53. Accordingly, I find that Plaintiff has failed to raise any issues on appeal with arguable merit and, thus, the appeal is not taken in good faith. *See Nash v. Fifth District Court of Appeal*, No. 6:19-cv-885, 2023 WL 4850329, at *1 (M.D. Fla. July 17, 2023) (denying the plaintiff's motion to appeal *in forma pauperis* on the same grounds); *see also James-Williams v. FLAD Investments, LLLP*, No. 8:17-cv-3082, 2019 WL 4279681, at *2 (M.D. Fla. June 21, 2019) (denying a motion to appeal *in forma pauperis* because the motion did not provide a basis to support the appeal), *report and recommendation adopted*, 2019 WL 4278825 (M.D. Fla. Sept. 10,

2019). I therefore respectfully recommend that the Court deny the Motion and decline to certify Plaintiff appeals in good faith.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Appeal *in forma pauperis* (Dkt. 53) be **DENIED**.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on December 20, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Hon. Paul G. Byron

Counsel of Record

Cindy Elaine Washington
3516 Meadow Lake Lane
Orlando, Florida 32808