# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CINDY ELAINE WASHINGTON,**

        **Plaintiff,**

v.                                                    **Case No: 6:23-cv-1627-PGB-RMN**

**PAT WANG, CHRISTOPHER W. CONWAY, LASANJE HOLLINGER, MARC FISHER, DEANA JACKSON, ADRIENE JACKSON, NATASHA MINA, DIAL AMERICA and HEALTH FIRST,**

        **Defendants.**
_____/

## **ORDER**

This cause is before the Court upon Plaintiff Cindy Elaine Washington's ("**Plaintiff**") Affidavit of Indigency (Doc. 53 (the "**Motion**")), which this Court construes as a motion to appeal *in forma pauperis*. Magistrate Judge Robert M. Norway submitted a Report (Doc. 58 (the "**Report**")) recommending that the Court deny the Motion. Plaintiff has filed an objection to the Report (Doc. 59 (the "**Objection**")), and Defendants Pat Wang, Christopher W. Conway, Lasanje Hollinger, Marc Fisher, Deana Jackson, Adriene Jackson, Natasha Mina, Dial America, and Health First (collectively, "**Defendants**") have filed a response to the Objection (Doc. 60).

Upon an independent *de novo* review of the record, the Court agrees with the analysis and conclusions set forth in the Report. More specifically, the Court agrees with Magistrate Judge Norway's finding that Plaintiff's appeal is not taken in good faith as the appeal lacks merit. *See* 28 U.S.C. § 1915(a)(3); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). As such, the Motion is due to be denied.

A court's order dismissing a case for a plaintiff's failure to prosecute the case or to follow the court's orders is reviewed under an abuse of discretion standard. *Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicles*, No. 22-10384, 2023 WL 5664169 at *1 (11th Cir. Sept. 1, 2023). "The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits [sic]." *Id.* at *2 (quoting *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)). Moreover, "[g]enerally speaking, a dismissal made *without* prejudice constitutes no abuse of discretion because the affected party may refile his [or her] civil action." *Id.* (citing *Dynes*, 720 F.2d at 1499). For this reason, such a dismissal "requires no showing of willful noncompliance with court orders or a determination that a lesser sanction would not suffice." *Id.*; *see also Dynes*, 720 F.2d at 1499 (holding that the district court's dismissal without prejudice of plaintiff's case for plaintiff's failure to comply with a court order was proper despite the fact that the case was not one that "involve[d] a series of violations of court rules or pretrial orders").

The Court acted within its inherent authority by dismissing the case without prejudice for Plaintiff's failure to comply with its Orders. (*See* Docs. 3, 44, 46, 49).

Further, although the Court has carefully reviewed Plaintiff's Objection, the Court agrees with Defendants that the Objection does not provide an adequate basis to overrule the Report. (*See* Docs. 59, 60).

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed December 20, 2023 (Doc. 58) is **ADOPTED** and **CONFIRMED** and made a part of this Order; and

2. Plaintiff's Motion to Appeal *in forma pauperis* (Doc. 53) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 28, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3